■ 829 PARK AVENUE CORPORATION, Respondent, v HELEN GLAUBER et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County, entered October 25, 1974, which (1) denied appellants' motion for summary judgment, (2) granted plaintiff-respondent's cross motion for summary judgment, (3) permanently enjoined certain appellants from subletting the disputed premises, and (4) ordered the remaining appellants to vacate the premises, unanimously modified as hereinafter indicated, on the facts and in the exercise of discretion, without costs and without disbursements, and otherwise affirmed. The lease of the disputed premises does not prohibit all subletting. Consequently, ordering paragraph (3) is overbroad and is modified to permit subletting in accordance with the terms of the lease. The premises are restricted to professional use, and while the attorney for the respondent has stated that he felt that his client would have no objection if the proprietary leasehold were sold for residential use, presently all of the occupants of the premises practice psychiatry there. To require them to vacate immediately would inflict an inordinate penalty. Ordering paragraph (4) is therefore modified to grant them six months from the date of our order within which to vacate. Concur—Stevens, P. J., Kupferman, Capozzoli, Nunez and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY KING, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 26, 1974, convicting the defendant of two counts of rape in the first degree, unlawful imprisonment in the second degree, and possession of a weapon as a felony, unanimously modified, on the law, to the extent of directing that the judgment and commitment papers be amended to recite the conviction of possession to be a misdemeanor, and otherwise affirmed. The People concede that the conviction on the weapons charge was a misdemeanor conviction. Defendant was given a misdemeanor sentence on that count of the indictment. Modification of the judgment and commitment papers to reflect the crime as a misdemeanor is all that is necessary. We have reviewed the balance of defendant's contentions and find them without merit. Concur—Markewich, J. P., Kupferman, Lupiano, Lane and Lynch, JJ.